UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Lisa Lesavoy, as Successor Trustee of the Trust under agreement dated 11/9/93 f/b/o Stephanie Mennen Petit; as Successor Trustee of the Trust under agreement dated 11/9/93 f/b/o Craig Mennen Keefer, <br><br>                Plaintiff,<br>   v.<br><br>John B. Lane, Janet Lane, Rufus B. Land, Preston R. Burch, Brian R. Samson, First South Bancorp, Inc., Scott McElveen, LLP, 3-I, Inc., Kestrell, LLC, and the Mennen-Keefer Partnership,<br><br>                Defendants.<br><hr>First South Bancorp, Inc.,<br><br>                Third-Party Plaintiff,<br>   v.<br><br>Craig M. Keefer,<br><br>                Third-Party Defendant.<br><hr>Brian R. Samson,<br><br>                Third-Party Plaintiff,<br>   v.<br><br>Craig M. Keefer,<br><br>                Third-Party Defendant. | C/A No. 3:02-1474-17<br><br><br><br><br><br><br><br>**ORDER APPOINTING SPECIAL MASTER** |

1



| | |
|---|---|
| John B. Lane, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| v. | ) |
| | ) |
| Craig M. Keefer and Rebecca Keefer, | ) |
| | ) |
| Third-Party Defendants. | ) |
| ─────────────────────────────── | ) |
| | ) |
| Craig M. Keefer and Rebecca Keefer, | ) |
| | ) |
| Fourth-Party Plaintiffs, | ) |
| v. | ) |
| | ) |
| Tyler Cassell Jackson Pearce & Silver, LLP, | ) |
| First South Bancorp, Inc., and Brian R. | ) |
| Samson, | ) |
| | ) |
| Fourth-Party Defendants. | ) |
| ─────────────────────────────── | ) |
| | ) |
| Craig M. Keefer and Rebecca Keefer, | ) |
| | ) |
| Fourth-Party Plaintiffs, | ) |
| v. | ) |
| | ) |
| Tyler Cassell Jackson Pearce & Silver, LLP, | ) |
| and John B. Lane, | ) |
| | ) |
| Fourth-Party Defendants. | ) |
| ─────────────────────────────── | ) |

The issue before the court is the appointment of a special master. By order dated March 15, 2005, the court granted the plaintiff's motion to bifurcate the trial in this case in order to hear the accounting cause of action without a jury prior to the jury trial in this case. In that order, the court notified the parties of its intention to appoint a special master to conduct the accounting trial in this case. By order dated May 26, 2005, the court notified the parties of its intention to appoint Professor

Brant Hellwig as the special master. The parties were given the opportunity to file objections to the appointment of Professor Hellwig. No objections were filed. Therefore, upon consideration of the issues involved in the accounting trial, it is hereby ordered that:

1. Professor Brant Hellwig (the "Master") is appointed pursuant to Rule 53 of the Federal Rules of Civil Procedure as special master in this action for the purpose of considering matters referred to him as described in Paragraph 3 below.

2. Professor Hellwig has filed an affidavit disclosing that there is no ground for disqualifying him under 28 U.S.C. § 455.

3. The following duties shall be imposed upon the Master:

a. The Master shall conduct the separate trial of the plaintiff's Seventeenth Cause of Action for an Accounting: the Master shall conduct an evidentiary hearing to provide an accounting of the Keefer Trust and the Mennen Trust. The Master's findings shall be limited to an accounting of the funds which came into and were expended by the trust, and whether supporting documentation exists for disputed transactions. The Master shall make findings as to whether to allocate a transaction to the principal or the income of the trust. The Master's findings shall also include whether a disputed transaction constitutes a loan, a stock purchase or a distribution under the trust.

b. The Master shall not reach legal conclusions (such as whether or not a breach of trust or a breach of fiduciary duty occurred).

c. The Master shall exercise authority consistent with Rule 53(c) of the Federal Rules of Civil Procedure.

d. The Master shall prepare a written report and recommendation for the court detailing his findings.

4. The Master must proceed with all reasonable diligence in his exercise of the above-described

duties.

5. The Master shall conduct the proceedings in accordance with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of Civil Procedure for the District of South Carolina.

6. The Master may freely communicate *ex parte* with the court. The Master may not communicate *ex parte* with any party to this action.

7. The materials to be preserved as the record of the Master's activities include the following:

a. The Master's report and recommendation;

b. All exhibits filed in these proceedings, including, but not limited to, all supporting documentation submitted by the parties.

8. These proceedings will be held beginning July 25, 2005.

9. The Master must file his report and recommendation with the Clerk of Court or through the court's electronic filing system on or before August 10, 2005.

10. The Master's orders, findings, and recommendations will be reviewed *de novo* by this court. All parties shall file objections to the Master's report and recommendation within 20 days after filing.

11. The Master will be compensated at a rate of $200 dollars per hour and must bill the parties for his time and for reasonable expenses incurred on a monthly basis. The plaintiff shall be responsible for 40 % of the fees and costs. The main defendant, John Lane shall be responsible for 30% of the fees and costs. The remaining parties—Burch, First South Bancorp, Samson, Craig and Rebecca Keefer, and Tyler Cassell Jackson Pearce and Silver LLP—shall each pay 6% of the fees and costs.  Final allocation of these amounts will be subject to taxation as costs at the conclusion of the case at the discretion of the Court.

11. All parties in this case will be allowed to participate in the proceedings conducted by the Master.

12. All parties are to confer and present the Master and the Court with a list of all transactions which are contested by June 30, 2005.

13. The scheduling order attached to this order shall govern these proceedings.

14. The court's courtroom deputy shall assist the Master during the hearing and an official court reporter shall take down the proceedings.

15. A copy of this order will be mailed by the clerk to the Master.

     IT IS SO ORDERED.

                                    /s/ Joseph F. Anderson, Jr.
                                    United States District Judge

June 3, 2005
Columbia, South Carolina