UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Lisa Lesavoy, as Successor Trustee of the Trust under agreement dated 11/9/93 f/b/o Stephanie Mennen Petit; as Successor Trustee of the Trust under agreement dated 11/9/93 f/b/o Craig Mennen Keefer,<br><br>     Plaintiff,<br> v.<br><br>John B. Lane, Janet Lane, Rufus B. Land, Preston R. Burch, Brian R. Samson, First South Bancorp, Inc., Scott McElveen, LLP, 3-I, Inc., Kestrell, LLC, and the Mennen-Keefer Partnership,<br><br>     Defendants.<br>_____<br><br>First South Bancorp, Inc.,<br><br>     Third-Party Plaintiff,<br> v.<br><br>Craig M. Keefer,<br><br>     Third-Party Defendant.<br>_____<br><br>Brian R. Samson,<br><br>     Third-Party Plaintiff,<br> v.<br><br>Craig M. Keefer,<br><br>     Third-Party Defendant.<br>_____ | C/A No.  3:02-1474-JFA<br><br><br><br><br><br>**ORDER FOR DEFAULT JUDGMENT**<br>**AND**<br>**ORDER OF DISMISSAL** |

1

|  |  |
|---|---|
| John B. Lane, | ) |
|  | ) |
| Third-Party Plaintiff, | ) |
| v. | ) |
|  | ) |
| Craig M. Keefer and Rebecca Keefer, | ) |
|  | ) |
| Third-Party Defendants. | ) |
| _____ | ) |
|  | ) |
| Craig M. Keefer and Rebecca Keefer, | ) |
|  | ) |
| Fourth-Party Plaintiffs, | ) |
| v. | ) |
|  | ) |
| Tyler Cassell Jackson Pearce & Silver, LLP, | ) |
| First South Bancorp, Inc., and Brian R. | ) |
| Samson, | ) |
|  | ) |
| Fourth-Party Defendants. | ) |
| _____ | ) |
|  | ) |
| Craig M. Keefer and Rebecca Keefer, | ) |
|  | ) |
| Fourth-Party Plaintiffs, | ) |
| v. | ) |
|  | ) |
| Tyler Cassell Jackson Pearce & Silver, LLP, | ) |
| and John B. Lane, | ) |
|  | ) |
| Fourth-Party Defendants. | ) |
| _____ | ) |

This is an action by Lisa Lesavoy, as Successor Trustee of two trusts, referred to in this action as the Stephanie Mennen Petit Trust and the Craig Mennen Keefer Trust. There are a total of ten defendants named in this action and some of the defendants have filed third and fourth party complaints.

2

The case was calendared for trial during the September 2005 term of court, and prior to trial, the parties announced that a settlement had been reached as to all claims except for the claim by Lisa Lesavoy against the defendant Rufus B. Land, a defendant who was duly served but who has not filed an answer or other responsive pleading in this action.

The matter was called for a default damages hearing on August 17, 2005. Present at the hearing were the plaintiff, her attorneys, the Trust beneficiaries, and their attorneys. At the commencement of the hearing, Richard Bonfiglio, one of the attorneys for the plaintiff, announced that the plaintiff wished to go forward against defendant Land only on the claim for aiding and abetting breach of trust. The plaintiff thereupon produced evidence documenting the damages set out below.

Because the defendant Rufus B. Land has admitted liability by failing to answer in this matter, and because the damages testimony introduced at the August 17 hearing was uncontradicted, the court hereby directs that the clerk shall enter judgment in favor of the plaintiff, actual damages as follows:

AS TO THE CRAIG MENNEN KEEFER TRUST

| | |
|---|---|
| Allocated to Principal | $ 136,176,754.85 |
| Allocated to Interest | $     3,010,242.29 |
| Total Damages | $ 139,186,997.14 |

AS TO THE STEPHANIE MENNEN PETIT

| | |
|---|---|
| Allocated to Principal | $  45,718,065.73 |
| Allocated to Interest | $     1,939,384.56 |
| Total Damages | $  47,657,450.29 |

The court having been advised by counsel for the parties that the remainder of this action has been settled,

3

IT IS ORDERED that except for the claim against defaulted defendant Rufus B. Land, all claims, cross claims, third and fourth party claims, to include any counterclaims, are hereby dismissed without costs and without prejudice. If settlement is not consummated within a reasonable time, either party may within sixty (60) days petition the court to reopen the action and restore it to the calendar, Rule 60(b)(6), Fed. R. Civ. P. In the alternative, to the extent permitted by law, either party may within sixty (60) days petition the court to enforce the settlement. *Fairfax Countywide Citizens v. Fairfax County*, 571 F.2d 1299 (4th Cir. 1978).

The dismissal hereunder shall be *with prejudice* if no action is taken under either alternative within sixty (60) days from the filing date of this Order.

IT IS SO ORDERED.

/s/ Joseph F. Anderson, Jr.
United States District Judge

August 18, 2005
Columbia, South Carolina

4